HOLMES JONES,

*vs.*

MARY A. PEIRCE.

*New Castle, Dec.* 28, 1920.

Where the trust created by deed of trust had terminated before the death of the trustee, and the only duty of the trustee then unperformed was that of conveying the legal title to the trust property to the persons entitled thereto, the legal as well as the equitable title was vested in the beneficiaries without conveyance, though if the terms were not disclosed in the conveyance to the trustee a disclaimer by the trustee's heir would be insufficient, and a conveyance would be ordered by equity.

Where the bill of complaint sought a declaration that complainant held a marketable title to property conveyed to trustee, who had fully performed the trust, and asked that the trustee's devisee be ordered to execute a conveyance, and the devisee filed a disclaimer to the land, so that the only relief which could be granted was the declaration that complainant had the title which was obviously true, the bill will be dismissed at complainant's cost.

BILL IN EQUITY to obtain title to certain real estate which had been conveyed to Joseph Jackson Peirce, trustee, deceased, by William F. Nye, for purposes set forth in the declaration or deed of trust. The cause was heard on bill, amended bill, answer, testimony of witnesses heard orally by the Chancellor and exhibits. The facts are sufficiently set forth in the opinion of the Chancellor.

*Holmes Jones*, in pro. per.
*William T. Lyman*, for defendant.

THE CHANCELLOR. The object of the bill is to obtain from the devisee of a deceased trustee a deed for land held in trust. Samuel D. Forbes and William F. Nye had been associated in some transaction respecting real estate, and Nye held title to certain premises in which Forbes had an interest. At the death of Forbes there was a contest as to the probate of his will. In 1907 an agreement was made by apparently all persons interested under the will, and independent of it, including Nye and Joseph Jackson Peirce, by which the title to certain real estate, including the eleven parcels described in the bill, were conveyed by Nye to Peirce by deed dated December 27, 1907, in trust to reconvey certain parcels to Nye, to sell the rest or so much thereof as was

necessary to pay a certain judgment against Forbes, and hold all the rest in trust for all of the persons entitled thereto as heirs at law of Forbes, or as devisees under his will, depending on the termination of the litigation as to the probate of the will of Forbes; and upon the determination of the contest to convey the land, except such as was conveyed pursuant to the trust to Nye and such as may have been sold by the trustee, to the persons entitled as heirs at law of Forbes, or to his devisees, ''as the same shall appear and be ascertained upon the final determination of the contest of said paper writing purporting to be the last will and testament of the said Samuel D. Forbes, deceased, and for such estate as said *cestuis que trustent* shall be then entitled to have herein.''

It was alleged in the bill as amended that Peirce as trustee conveyed certain parcels to Nye and paid off the judgment mentioned in the agreement. The will of Forbes having been set aside, the beneficiaries under the trust were the heirs at law of Forbes. No conveyance was made by Peirce, trustee, of the eleven parcels of land described in the bill, and which remained unsold by him, so that it was then his duty to convey to the heirs at law, the trust having terminated. Peirce died in 1914, without having conveyed the eleven parcels of land, and by his will devised all his real estate to his wife, Mary A Peirce, the defendant.

Forbes left to survive him as his heirs at law certain children and grandchildren, and Jones, the complainant, bought from them all the eleven parcels of land, and on January 5, 1920, they were conveyed to him by deed of Dexter Forbes, and others, they being such heirs at law. It was alleged further that the defendant makes no claim of ownership, "that there is a dry trust with all the duties imposed upon the trustee fully performed, and no one with power or authoirty to transfer the legal title, such as it is, held under the conditions aforesaid, out of the said Joseph Jackson Peirce."

The prayers are that the Court decree that the defendant has not and never had any right, title or interest in and to the eleven parcels of land, and that she be directed to convey same to the complainant; that a new trustee be appointed to convey the same to the complainant; that a good marketable title is in the

complainant; and that the complainant recover damages from the defendant.

By her answer the defendant affirms that she has not and never had or claimed to have any interest in the several parcels of land, and, therefore, had refused to convey the land to the complainant when and as requested by him.

At the hearing an unsuccessful attempt was made to show that the defendant had since the death of her husband made some claim to the property after knowledge of the trust had come to her.

The complainant has acquired by conveyance the equitable interest of all of the *cestuis que trustent* to whom the conveyance was due under the deed of trust, and the trust terminated seven years before the death of Peirce, the trustee. It is too well settled in Delaware to be controverted here, that under such circumstances the legal, as well as the equitable, title vested at the termination of the trust in the beneficiaries, where, as here, the only duty of the trustee then unperformed was that of conveying to the persons entitled the legal title to the trust property. *Friedly v. Security, etc., Co.,* 10 *Del. Ch.* 74, 84 *Atl.* 883, and Delaware cases there cited. These principles do not apply when the grantee in a deed did not pay the consideration therein set forth, but took title for the benefit of one who paid the consideration and who was entitled to a conveyance upon demand, the terms of the trust not being disclosed in the conveyance. Manifestly in such case when the beneficial owner seeks in a Court of Chancery to establish the trust and obtain a conveyance, upon refusal of the trustee to make it, a disclaimer by him of any beneficial interest is not a sufficient defense, and the real owner is entitled to a conveyance.

There is no reason, therefore, why the Court should not grant in part one of the alternative prayers of the bill and declare that the failure of Peirce, the trustee, to convey the several parcels of land to the heirs at law of Forbes and the refusal of the defendant as devisee of the trustee to execute the deed to the complainant, did not affect the marketability of the title of the complainant to said premises.

Therefore, as the complainant is entitled to no other relief

than a declaration of a matter obviously true as against the defendant, the bill will be dismissed, the complainant to pay the costs.

A decree will be entered accordingly.